CRABTREE, J.T.C.
Both parties move for summary judgment in these consolidated local property tax cases involving plaintiff’s claim for exemption under the Urban Renewal Corporation and Association Law of 1961, L. 1961, c. 40, N.J.S.A. 40:55C-40 et seq., as amended, sometimes referred to as the Fox-Lance Law.
For reasons hereinafter stated, plaintiff’s motion will be denied and defendant’s motion will be granted on the exemption issue, leaving the valuation issue for trial.
Procedurally, plaintiff appeals from county board judgments entered on December 22, 1987 affirming (1) an omitted-added assessment for 1986 in the amount of $1,156,633 (a pro-ration for seven months of $1,982,800), and (2) an omitted improvement assessment of $1,982,800 (erroneously called an added assessment) for all of 1987. Plaintiff also appeals directly from the 1988 assessment, which was:
[[Image here]]
The facts pertaining to plaintiff’s exemption claim are not in dispute.
In late December 1983, plaintiff submitted to the Honorable Kenneth A. Gibson, Mayor of the City of Newark, an application for tax abatement and a proposed financial agreement relating to plaintiff’s contemplated construction of a 29-foot *65 high metal and masonry building containing approximately 330,000 square feet on 23.29 acres of land at 888-964 Doremus Avenue (Block 507, Lots 60 and 60A) in Newark. The application was prepared and submitted in accordance with N.J.S.A. 40:55058 and its form and content complied with that statute. The total estimated project costs of $9,815,424, detailed in accordance with N.J.S.A. 40:55O58(c) and N.J.S.A. 40:55047, were also set forth in the application. Plaintiff also acknowledges in the application an obligation to pay Newark an annual service charge equal to 2% of total project cost.
Pursuant to N.J.S.A. 40:55C58, Mayor Gibson submitted the application to the Newark City Council on February 16, 1984 with his recommendation that it be approved. The city council approved plaintiff’s application by resolution 7RE adopted March 7, 1984. (Council’s action was also in compliance with N.J.S.A. 40:55058.) The resolution specifically referred to plaintiff’s application for
construction, maintenance and operation of project on land which is identified ... as 888-964 Doremus Avenue, Block 5078, Lots 60 and 60A for construction of a metal and masonry building with a height of 29 feet to occupy 330,000 square feet to be used as a warehouse office and distribution center for toy retailing.
The financial agreement was executed on March 13, 1984; its content complied fully with the requirements of N.J.S.A. 40:550-59. Included was a reference to the project as being “more particularly described in the accompanying Application.”
Plaintiff also submitted to Newark’s Central Planning Board an application for site plan review in or about February 1982. This document listed the following under area description:
[[Image here]]
The improvement described above was duly erected by plaintiff and defendant’s assessor recognized the exemption of the improvement from taxation pursuant to N.J.S.A. 40:55C-65.
In 1986, plaintiff constructed an addition to the improvements described in the application, council resolution, and financial *66 agreement. This addition contained 144,862 square feet and, like the original improvement was 29 feet high. Plaintiff claims exemption for this improvement; defendant denied the exemption claim on the ground that the improvement was not intended to be embraced by the initial application, resolution and financial agreement, all of which dealt specifically with a 330,000 (or 321,000) square-foot building and no other. The 1986 improvement was then assessed as an added assessment for 1986 and 1987 and as a regular assessment for 1988.
The Fox-Lance Law is a comprehensive legislative scheme, authorized by Art. VIII, § 3, ¶1 of the 1947 New Jersey Constitution, for development or redevelopment of blighted areas by public or private corporations. Improvements developed or redeveloped by private corporations are exempt from real property taxation for specified periods provided certain statutory criteria are met.
Plaintiff is an urban renewal corporation qualified to construct, operate and maintain a “project,” which is defined in N.J.S.A. 40:55046 as follows:
“ ‘Project’ means the undertaking and execution of the redevelopment of a blighted area, in whole or in part, in accordance with an agreement with respect to the land and improvements concerned between the corporation or association and a municipality, or agency, or authority, and in connection with a redevelopment plan adopted pursuant to the procedures specified in section 17(b) of P.L.1949, c. 306 (C. 40:55C-17(b), including the work to be done in reference thereto, the designation of the particular proposed buildings to be constructed and their uses and purposes, the landscaping of the premises, the streets and access roads, recreational facilities, if any, the furnishing of the public utilities, the financial arrangements and the terms and conditions of the proposed municipal cooperation and approval____” [Emphasis supplied]
N.J.S.A. 40:55047 defines “total project unit cost” or “total project cost” as “the aggregate of the following items as related to any unit of a project if the project is to be undertaken in units or to the total project if the project is not to be undertaken in units” and goes on to set out the components of total project cost or unit cost, as the case may be.
N.J.S.A. 40:55C-58 provides that every qualified urban renewal corporation, before proceeding with any project, must make written application to the municipality for approval. The *67 statute requires that the application include, inter alia, a “description of the proposed project outlining the area involved and a description of each unit thereof if the project is to be undertaken in units and setting out such architectural and site plans as may be required.” The application must also contain a “statement of the estimated cost of the proposed project in such detail as may be required, including the estimated cost of each unit if it is to be so undertaken.”
The statute requires that the application be submitted to the mayor who thereafter submits it to the governing body with his recommendation. The governing body must then approve or disapprove the application by resolution.
N.J.S.A. 40:55C-59 declares that every approved project must be evidenced by a financial agreement between the municipality and the corporation, prepared by the corporation, and submitted with its application for project approval. The statute goes on to specify the contents of the agreement. N.J.S.A. 40:550-62 directs that the financial agreement contained detailed representations by the corporation as to the manner in which it will manage the project; the statute also requires that the agreement set forth, inter alia, the estimated total project cost, the source of funds, the interest rates to be paid on construction financing and the source and amount of paid-in capital.
Finally, the capstone of the Fox-Lance statutory design is the tax exemption embodied in N.J.S.A. 40:550-65, which provides, in pertinent part:
The rehabilitation or improvements made in the development or redevelopment of a blighted area ... pursuant to this act, shall be exempt from taxation for a limited period as hereinafter provided. Any such exemption shall be claimed and allowed in the same or a similar manner as in the case of other real property exemptions and no such claim shall be allowed unless the municipality wherein said property is situated shall certify that a financial agreement with an urban renewal corporation or association for the development or the redevelopment of the property has been entered into and is in effect as required by the provisions of this act. In the event that an exemption status changes during a tax year, the procedure for the apportionment of the taxes for said year shall be the same as in the case of other changes in tax exemption status during the tax year.
*68 Plaintiff argues that the construction of improvements completed in 1986 and which were denied exemption by defendant’s assessor were contemplated by the site plan and storm drainage and utility plans submitted in connection with the application for project approval; specifically, the plans showed an area identified as “Expansion Area.” Plaintiff’s argument is unsound. Much more is required for tax exemption under Fox-Lance.
To begin with, the statutory scheme requires a delineation of total project costs or a total project unit costs if the project is to be undertaken in units. N.J.S.A. 40:55C-47. The delineation of such costs was limited in plaintiff’s application to the initial building containing approximately 321,000 square feet. The application included no data, either by way of estimated costs or detailed architectural or site plans, pertaining to improvements to be constructed on the so-called expansion area. If plaintiff viewed the 1986 construction as another project unit, details pertaining thereto, as required by statute, should have been set forth in plaintiff’s application for project approval.
Secondly, the mayor’s recommendation to defendant’s governing body and the latter’s resolution approving the project were confined to plaintiff’s construction of a 29-foot high building containing approximately 330,000 square feet.
Finally, the common thread that runs through all the relevant statutory provisions of Fox-Lance is the requirement that the application set forth in detail the nature, size and estimated cost of the project and that the filing of the application, its acceptance and the execution of the financial agreement must all precede commencement of construction of the improvements. If all these preconditions are not met, exemption cannot be granted. B.P.U.M. Dev. & Urb. Renewal v. Camden, 9 N.J.Tax 490 (Tax Ct.1988), aff’d o.b. per curiam 11 N.J.Tax 95 (App.Div.1989), certif. den. 118 N.J. 201, 570 A.2d 963 (1989); Morris Tp. v. LF Associates, 10 N.J.Tax 240 (Tax Ct.1988).
*69 None of these conditions was satisfied with respect to the improvements completed in 1986.
In testing entitlement to tax exemption legislative requirements must be strictly complied with, as an exemption from taxation is a departure from the equitable principle that everyone should bear his just and equal share of the public tax burden. Morris Tp. v. LF Associates, supra. The burden is upon the claimant to bring itself within an exemption provision and all doubts are to be resolved against the exemption claimant. Princeton Univ. Press v. Princeton, 35 N.J. 209,172 A.2d 420 (1961); Bloomfield v. Academy of Med. of New Jersey, 87 N.J.Super. 595, 210 A.2d 420 (App.Div.1965), rev’d on other grounds 47 N.J. 358, 221 A.2d 15 (1966).
Plaintiff dwells on what it deems to be the difficulty and absurdity of implementing a conclusion that a property is partly taxable and partly exempt. Plaintiffs argument is wide of the mark. To begin with, the logical conclusion of plaintiffs argument is that additions, such as the 1986 construction in issue here, could be made and embraced within the Fox-Lance exemption notwithstanding a failure to include details of the addition, including its size and estimated cost, and the failure to set forth that addition in a financial agreement. For the reasons stated above, that addition fails to comply with the statute.
Secondly, allocations between exempt and non-exempt portions of a property are not unusual. Allocations are mandatory where land appurtenant to buildings used for exempt purposes exceeds five acres. N.J.S.A. 54:4-3.6. Allocation is explicitly required where a portion of a building used by an exempt educational institution is leased to a profit-making organization. N.J.S.A. 54:4-3.6.
Allocations are also required where two buildings, one exempt and the other non-exempt, are located on a single parcel of land. In Greater Emmanuel Apost. Faith, etc. v. Montclair, 4 N.J.Tax 618 (Tax Ct.1982) this court directed an allocation of the quantum of land necessary for the enjoyment of the *70 exempt building, an allocation of the improvements assessment between the exempt and non-exempt buildings and, finally, an allocation of the total assessment between exempt and non-exempt land and buildings. All this was directed pursuant to R. 8:9-3.
Defendant objects to the jurisdiction of this court, contending that the relief plaintiff seeks can only be granted in an action in lieu of prerogative writs in the Superior Court.
Defendant is incorrect. The relevant exemption statute, N.J. S.A. 40:550-65, provides that Pox-Lance exemptions are claimed and allowed in the same manner as other real property tax exemptions. Thus, the granting or denial of Pox-Lance exemptions is reviewable in this court, either on appeal from county board judgments, N.J.S.A. 54:51A-l(a), or by way of direct review in the case of large assessments. N.J.S.A. 54:3-21; Morris Tp. v. LF Associates, supra at 246.
Counsel for defendant will submit the appropriate order pursuant to R. 4:42-l(b).