PER CURIAM
Under a written agreement with the City of Newark, plaintiff constructed a building in exchange for a tax abatement for twenty years. After several years, plaintiff built an addition to the abated building.
The addition is not covered by the tax abatement. Thus, after the addition was built, the City began imposing taxes on the property. While the City says it was taxing only the non-abated addition, plaintiff claims that the assessment was so high that the City must have been taxing the abated building as well as the taxable addition.
Plaintiff paid the taxes for several years without appealing the assessments. Eventually, it did file appeals and the assessment was reduced. Plaintiff sought relief for the years in which it had not appealed by filing a complaint for breach of the abatement agreement. Plaintiff requested a jury trial. Eventually the ease was transferred to the Tax Court, over plaintiffs objection. Concluding that plaintiff had failed to show that the tax had been imposed on the abated building, rather than only the addition, and that the breach of contract action was a substitute for a time-barred tax appeal, the Tax Court granted summary judgment for defendant.
On appeal, plaintiff contends that it was error to grant summary judgment, that it was entitled to a jury trial, and that the assessment can be recalculated and changed under the statute that allows Correction of errors in tax assessments. N.J.S.A. 54:51A-7.
*717 The background facts are not in dispute. On October 21, 1974, plaintiff and the City of Newark entered into a financial agreement pursuant to N.J.SA 40:55C-59, part of the Urban Renewal Corporation and Association Law of 1961. N.J.S.A 40:55C-40 to -76. Plaintiff agreed to erect a 20,000 square foot office and warehouse building together with parking facilities. In exchange, the City agreed that plaintiff would not have to pay any tax on the property for twenty years, although it would pay an annual service charge. The parties agree that plaintiff built the building by 1975.
The Real Property Tax List compiled for the City of Newark for 1975 shows two entries for plaintiffs property. The first shows land with a taxable value of $16,400. The second shows the same property with the word “exempt” entered under both “land taxable value” and “improvements taxable value.”
A second list compiled for 1975, entitled Exempt Property List, shows the same property with the land valued at $13,000 and the improvement valued at $429,500. It shows that $429,500 as exempt from taxation.
Nothing in the record indicates that the values shown on either the Real Property Tax List or the Exempt Property List changed between 1975 and 1982, and there is no dispute about the tax treatment of the property for those years.
In May 1982, counsel for plaintiff wrote to Corporation Counsel for the City to say that plaintiff had constructed an addition to the original building. He said that the addition had cost $557,000 and asked whether the new structure was covered by the financial agreement. While the appendix does not show any response to that question, plaintiff acknowledges that the completed addition was not covered by the tax abatement agreement. See Tru, Urban Renewal Corp. v. City of Newark, 11 N.J.Tax 63 (1990) (holding that an addition to an abated property is not exempt).
For 1983, the Real Property Tax List shows two entries for plaintiffs property. The first shows property with an improvement value of $557,000, the amount plaintiffs attorney had reported to the City as being the cost of the new addition. That same *718 entry also shows a land value of $31,200, for a total taxable value of $588,200. The second entry on that same list shows property valued at $729,500, which is designated exempt from taxation. All of those figures appeared on the tax lists for 1984 through 1990, with the larger figure being shown each time as exempt.
In 1991, the real property tax list shows a handwritten change in the non-exempt listing for plaintiffs property. The $557,000 figure for the value of the improvement and the total $588,200 assessment for the property are crossed out. In their place a $218,000 figure has been written in for the improvement value, and a net taxable value of $250,000 has been substituted for the $588,200 figure that had been there on the previous lists. The real property tax list for the next year, 1992, shows another reduction in the assessment to $108,800 for the improvements and a net taxable value of $140,000. Those figures are also shown on the 1993 tax list. Although plaintiff does not say what occasioned those changes, defendants’ brief acknowledges that plaintiff timely appealed the assessments for 1991 and 1992 and they were reduced.
The current litigation involves only tax years 1983 through 1990. Plaintiff filed its complaint in December 1992.
Although the tax list shows two separate assessments after the addition was constructed, one exempt and one non-exempt, plaintiff claims that the City actually began taxing the exempt building in 1983 after the creation of the non-exempt addition. It bases that claim on an appraisal prepared by Michael Jaeger at plaintiffs request.
Jaeger concluded that if the 1983 equalization ratio of forty-eight percent were applied to the market value of the entire building, $1,225,416, it would produce a 1983 tax assessment of $588,200. He concluded that the market value in 1983 was $1,225,416 because that was consistent with the price per square foot for the entire building as shown by comparable sales in the mid-1980’s. Thus, Jaeger said that “it is clear the the [sic] assessed value of $588,200 is an assessment on the entire building, that is on the original budding and on the addition.” It was *719 therefore his opinion that the abatement promised under the financial agreement had not been given from 1983 through 1990.
Plaintiff makes the following contentions:
POINT I
THE TAX COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS AND DISMISSED THE COMPLAINT WITH PREJUDICE.
A. SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS WAS IMPROPER BECAUSE THE DEFENDANTS FAILED TO PROVIDE A DEFENSE TO JET URBAN’S BREACH OF CONTRACT CLAIM.
B. SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS WAS IMPROPER BECAUSE JET URBAN PROFFERED SUBSTANTIAL EVIDENCE THAT THE DEFENDANTS BREACHED THE ABATEMENT AGREEMENT. POINT II
THE TAX COURT ERRED WHEN IT DISMISSED JET URBAN’S CAUSE OF ACTION FOR CORRECTION OF THE ERROR IN THE ASSESSMENT OF PROPERTY.
POINT III
THE TRIAL COURT DEPRIVED JET URBAN OF ITS CONSTITUTIONAL RIGHT TO A JURY TRIAL WHEN IT DETERMINED THAT JET URBAN DID NOT SUBSTANTIATE ITS CLAIM FOR BREACH OF THE ABATEMENT AGREEMENT.
We have carefully reviewed the record and we conclude that these contentions are clearly without merit, R. 2:11— 3(e)(1)(E), and we affirm substantially for the reasons expressed by Judge Small in his oral opinion. The City had the right to tax the addition. Plaintiff contends that the City taxed the abated property through the device of an excessive assessment of the addition. Thus, the core of plaintiffs position is the contention that the addition, which the City had the right to tax, was overassessed. The remedy for that contention is a tax appeal. See Tru Urban Renewal Corp. v. City of Newark, supra, 11 N.J.Tax at 70 (holding that the granting or denial of an urban renewal tax exemption is reviewable by tax appeal); see also N.J.S.A. 40:55C-65 providing that these exemptions are claimed and allowed in the same manner as other real property tax exemptions. A tax appeal for the years in question being time barred, plaintiff could not revive its right to attack the assessment of the addition through an action for breach of contract.
*720 Plaintiffs contention regarding the correction of error statute, N.J.S.A 54:51A-7, is controlled by Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 651 A.2d 77 (1994). The dispute in the present case does not fall within the statute’s boundaries as defined in Hovbilt. Id. at 618-19, 651 A.2d 77.
Affirmed.